HODSON et, Plaintiffs-Appellees, v. LEISTER et, Defendants-Appellants.

Ohio Appeals, Tenth District, Franklin County.

No. 6470.   Decided May 16, 1961.

*Messrs. Tresemer & Caris, Mr. Allen B. Caris,* of counsel, for plaintiffs-appellees.

*Messrs. Devennish & Hague, Mr. James D. Macaulay,* of counsel, for defendants-appellants.

DUFFEY, P. J.   This is an appeal on questions of law from a judgment in favor of plaintiffs-appellees in the sum of $266.

This controversy concerns the liability between a purchaser-grantee and vendor-grantor for a special assessment. It was submitted to the court on pleadings and stipulations of fact and exhibits. There is no reference in the record on whether the City of Upper Arlington has a charter or whether, assuming it does, there are any provisions on special assessments. Ac-

cordingly, we will assume, as have the attorneys and the lower court, that the assessment was pursuant to state statutes.

On January 14, 1957, the Council of Upper Arlington adopted Resolution No. 3-57. This resolution accepts the report of a previously appointed assessing board, orders it filed in the office of the Clerk-Auditor, and orders publication pursuant to Section 727.53, Revised Code. The resolution contained an emergency clause.

Sometime after February 19, 1957, and prior to March 11, 1957, a contract was executed for the purchase of certain premises in Upper Arlington. The contract provided in part as follows:

"5. TAXES AND ASSESSMENTS. The Seller shall pay the semi-annual installments of current taxes due and payable in Dec. 1956, all delinquent taxes, penalties and interest, and *all assessments now a lien*, both current and reassessed and whether due or to become due." Emphasis added.

On March 11, the Council passed Ordinance No. 39-57. The title states that it is "To Levy Special Assessments." It provides that "assessments" theretofore reported to the Council "be and the same are hereby adopted and confirmed, and that there be and are hereby levied and assessed upon the specially benefited property the several amounts reported as aforesaid." No emergency clause appears in the ordinance.

The transaction was closed on March 12. The habendum clause of the Warranty Deed states "Free and Clear from all Encumbrances whatsoever except for taxes and special assessments, if any, due and to become due."

A purchaser's signature upon the real-estate contract constituted an offer only and became a contract only when accepted by the seller. By the express terms of the contract, the seller was obligated to pay only assessments which were a lien at the date of the execution of the contract.

Under Chapter 727, Revised Code, there are a number of preliminary legislative enactments necessary to the levying of a valid special assessment. There is, for instance, the requirement of a resolution of necessity expressing the Council's determination that there is a necessity for the improvement. Section 727.09, Revised Code. Council may appoint a board to deter-

mine and report the *estimated* assessment to be charged. A copy of the report must be filed in the office of the Clerk. Section 727.44, Revised Code. If objections are filed, an equalizing board is required. Section 727.45, Revised Code. This Board then reports to the Council. Section 727.46, Revised Code, then provides in part as follows:

"When the assessment is *confirmed* by the legislative authority it shall be complete and final, and shall be recorded in the office of the clerk of the legislative authority." Emphasis added.

This statute must be read in conjunction with Section 727.53, Revised Code, which provides as follows:

"Before adopting an assessment made as provided in Sections 727.01 to 727.68, inclusive, 729.01 to 729.15, inclusive, 729.21, 729.22 and 729.31 to 729.52, inclusive, Revised Code, the legislative authority of a municipal corporation shall publish notice for three consecutive weeks, in a newspaper of general circulation in the municipal corporation that such assessment has been made and is on file in the office of the clerk of the legislative authority for the inspection and examination of persons interested therein."

We think it apparent that the Resolution No. 3-57 of January 14, 1957, is a preliminary step in the levying of an assessment, and that the actual levy occurred under Ordinance No. 39-57 on March 11, 1957. Section 727.55, Revised Code, provides that special assessments are a lien from the date of the assessment. Accordingly, the assessment became a lien upon the property on the effective date of Ordinance No. 39-57 which in no event could be sooner than March 11, 1957. Since on the stipulated facts and under the terms of the contract, the seller was liable only for liens on the property at the date of execution of the contract, and the execution occurred prior to March 11, 1957, it is apparent that the contract imposed no liability on the vendor-grantor.

Section 727.55, Revised Code, does impose personal liability on the "owner" as against the city. It does not purport, of course, to deal with the rights and obligations of vendor and purchaser.

We also think it apparent that the Warrany Deed executed March 12 contains only an exception from the Warranty, which

exception clearly excludes all special assessment liens. There is no promise contained in the Deed to assume the obligation of payment.

Appellees have urged that this case is also controlled by the doctrine that a contract of sale is merged in the Deed and that, accordingly, regardless of the provision of the contract, the vendor-grantor cannot now be held liable for special assessment liens. In view of our determination that there was no liability under the contract nor under the Warranty Deed, it is unnecessary to pass on this contention.

Judgment of the Common Pleas Court is reversed and the case is remanded with instructions to give judgment for the defendants-appellants.

BRYANT, J., concurs.
DUFFY, J., dissents.